# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VINCENT JOHN STALCUP, <br><br> Defendant. | Case No. 13CR1579-H <br><br> PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific property of the above-named Defendant, VINCENT JOHN STALCUP ("Defendant"), pursuant to Title 18, United States Code, Section 1594(d), as property used or intended to be used to commit or to facilitate the commission of the violation of 18 U.S.C. §§ 1591(a), (b), and 1594(c), as charged in the Superseding Information; and

WHEREAS, on or about February 24, 2015, Defendant pled guilty before Magistrate Judge Nita L. Stormes to Count 1 of the Superseding Information, which plea included consent to the forfeiture allegations of the Indictment, including, but not limited to, forfeiture of the following:

**(1) One cell phone with number 858-xxx-6793, more specifically described as One Motorola Cellular Phone, Model: MB855, IMEI: 356465041131447**; and

//

1 | WHEREAS, on March 13, 2015 this Court accepted the guilty plea of
2 | Defendant; and

3 | WHEREAS, by virtue of the facts set forth in the plea agreement,
4 | the United States has established the requisite nexus between the forfeited property
5 | and the offense; and

6 | WHEREAS, by virtue of said guilty plea, the United States is now entitled to
7 | possession of the above-referenced property, pursuant to 18 U.S.C. § 1594, 21 U.S.C.
8 | § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

9 | WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
10 | authority to take custody of the above-referenced property which was found
11 | forfeitable by the Court; and

12 | WHEREAS, the United States, having submitted the Order herein to the
13 | Defendant through his attorney of record, to review, and no objections having
14 | been received;

15 | Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

16 | 1. Based upon the guilty plea of the Defendant, the United States is hereby
17 | authorized to take custody and control of the following asset, and all right, title and
18 | interest of Defendant VINCENT JOHN STALCUP in the following property is
19 | hereby forfeited to the United States for disposition in accordance with the law,
20 | subject to the provisions of 21 U.S.C. § 853(n):

**(1) One cell phone with number 858-xxx-6793, more specifically described as One Motorola Cellular Phone, Model: MB855, IMEI: 356465041131447.**

23 | 2. The aforementioned forfeited asset is to be held by Homeland Security
24 | Investigations ("HSI") in its secure custody and control.

25 | 3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized
26 | to begin proceedings consistent with any statutory requirements pertaining to
27 | ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned asset, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

DATED: April 17, 2015

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE